UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| LORI Y. RHEA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:21-cv-48-CEA-JEM |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. Section 406(b) with Supporting Memorandum and Affidavits [Doc. 30], which the District Judge referred to the undersigned pursuant to 28 U.S.C. § 636 for disposition or for a report and recommendation as may be appropriate [Doc. 32]. Plaintiff requests an award of $10,471.50 in attorney's fees under 42 U.S.C. § 406(b) [*Id.* at 1–2]. The Commissioner has filed a response indicating no objection to Plaintiff's request for attorney's fees [Doc. 38]. For the reasons stated more fully below, the undersigned **RECOMMENDS** that the District Judge **GRANT** Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. Section 406(b) with Supporting Memorandum and Affidavits [**Doc. 30**].

I.  BACKGROUND

Plaintiff filed a Complaint against the Commissioner on March 9, 2021, requesting judicial review of the Commissioner's denial of her claim for Supplemental Security Income and Disability Insurance Benefits [Doc. 2]. On December 3, 2021, Plaintiff filed a Motion for Summary Judgment [Doc. 20] and accompanying Memorandum in Support [Doc. 21], asserting that the Commissioner's decision was invalid. She argued it was not supported by substantial evidence

because (1) medical evidence supported finding Plaintiff has an impairment or combination of impairments as defined by the regulations; (2) the ALJ failed to analyze the paragraph B criteria; (3) the ALJ failed to analyze the paragraph C criteria; and (4) the ALJ failed to consider the effect of Plaintiff's medication on her ability to work [*Id.*]. On February 3, 2022, the parties filed a Joint Motion for Entry of Judgment with Remand Under Sentence Four of 42 U.S.C. § 405(g) [Doc. 27], asking the Court to remand Plaintiff's case to the Commissioner for further administrative proceedings including offering Plaintiff a new hearing, updating the record, and issuing a new decision. On February 4, 2022, the Court issued an Order [Doc. 28] and accompanying Judgment [Doc. 29] granting the parties' joint motion and remanding the matter to the Commissioner for further administrative proceedings.

On remand, Plaintiff was found disabled as of June 21, 2016, and awarded benefits [Doc. 30-1 p. 2]. Plaintiff's past-due benefits for the period from December 2016 through May 2023 totaled $89,886.00 [*Id.* at 3]. The Social Security Administration Notice of Award Letter ("Notice of Award") states that of that amount, $22,471.50 was withheld in accordance with the usual policy of withholding twenty-five percent of past due benefits for potential payment of a claimant's representative's fee [*Id.*].

As outlined in the motion [Doc. 30], Plaintiff's counsel now seeks $10,471.50 in attorney's fees under 42 U.S.C. § 406(b). In support, Plaintiff's counsel has submitted the Notice of Award [Doc. 30-1], a copy of the Client Attorney Contract and Agreement between counsel and Plaintiff [Doc. 30-2], a statement and itemization of time [Doc. 30-3], an affidavit from Attorney Jamie L. Herman [Doc. 30-4], an affidavit from Plaintiff [Doc. 30-5], and the Notice of Decision [Doc. 30-6]. Plaintiff also filed an updated version of the Client Attorney Contract and Agreement between

2

counsel and Plaintiff [Doc. 37] that states it "replaces the contract signed on January 21, 2021," which was previously submitted [Doc. 30-2].

Following the filing of Plaintiff's counsel's request, the Commissioner filed a response [Doc. 38]. The Commissioner "neither supports nor opposes counsel's request for attorney's fees in the amount of $10,471.50" [*Id.* at 1]. The Commissioner notes that the Court must independently determine whether the requested fee is reasonable [*Id.* at 2 (citing *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002))]. Finally, the Commissioner asks the Court to "decline to include language directing that the Commissioner 'pay' the award" [*Id.*]. Instead, the Commissioner requests the Court "indicate that any amount it authorizes in § 406(b) fees is to be paid out of Plaintiff's past-due benefits in accordance with agency policy" [*Id.*].

## II.  ANALYSIS

Section 406(b) permits courts to award "a reasonable [attorneys'] fee . . . not in excess of 25 percent," payable "out of . . . [the claimant's] past-due benefits" when a claimant secures a favorable judgment. 42 U.S.C. § 406(b)(1)(A). Accordingly, three conditions must be met before § 406(b) fees will be awarded: (1) the Court must have rendered a judgment favorable to the plaintiff; (2) the plaintiff must have been represented by counsel; and (3) the Court must find that the fee is reasonable and not in excess of twenty-five percent of the total past-due benefits to which Plaintiff is entitled. *See id.* Here, the parties jointly requested a "sentence four" remand [Doc. 27], which for purposes of 42 U.S.C. § 406(b), may be considered a "favorable judgment." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1276 (11th Cir. 2006) (citation omitted). And Plaintiff was represented by counsel in her appeal under an agreement, which provided for a contingent fee in the amount of twenty-five percent of the past-due benefits as payment for counsel's representation

3

[Docs. 30–2 and 37]. Thus, the Court must only consider the reasonableness of the requested fee amount.

As the Commissioner correctly notes, the Court must independently determine whether the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807. The Court of Appeals for the Sixth Circuit has held that "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). The presumption may be overcome by a showing that "1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of Health & Hum. Servs.*, 923 F.2d 418, 419 (6th Cir. 1990) (citing *Rodriquez*, 865 F.2d at 746). If neither circumstance applies, "an agreement for a [twenty-five percent] fee . . . is presumed reasonable." *Id.* at 421.

In support of her request for fees, Plaintiff's counsel submits that the requested fee is "a portion of the Plaintiff's past-due benefits" and "[t]he combination of the 406(b) federal court fee and the 406(a) administrative fees, if granted, will equal the twenty-five per cent which has been withheld by the Social Security administration for payment of attorney fees" [Doc. 30-4 p. 4].

The Commissioner has not alleged, and the Court is not aware of, any improper conduct, delay, or ineffective representation on the part of Plaintiff's counsel. Indeed, counsel was able to achieve favorable results as this case was remanded to the Commissioner and an award of benefits was ultimately granted to Plaintiff. Thus, counsel was seemingly effective in her representation as she was able to achieve a favorable result for her client.

Turning to whether the requested fee amount would constitute an underserved windfall, the Sixth Circuit Court of Appeals "provides a floor" for determining the reasonableness of requested

4

406(b) fees. *Hayes*, 923 F.2d at 422. Where the amount requested divided by the numbers of hours expended is less than twice the standard rate for such work in the relevant market, the requested fee is *per se* reasonable. *Id.* The Sixth Circuit continued,

> If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee. Such arguments may include, without limitation, a consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case. Factors such as these should inform the district court's determination of whether the attorney would "enjoy a windfall because of . . . minimal effort expended."

*Id.* (quoting *Rodriquez*, 865 F.2d at 746).

Plaintiff's counsel has requested a fee in the amount of $10,471.50, which is less than what has been withheld by the Commissioner pursuant to the usual practice of withholding twenty-five percent of past due benefits to pay a representative [Doc. 30-1 p. 3]. Plaintiff's counsel has submitted a ledger detailing 44.45 hours of total work on Plaintiff's appeal to this Court [Doc. 30-3], for an effective hourly rate of $238.58. Plaintiff's counsel relates that she has been practicing law for over forty-five years, has been admitted to practice in this Court since 1981, and has been representing clients in their Social Security disability cases since 1978 [Doc. 30-4 p. 1]. Social Security disability cases make up a part of counsel's practice, but she also handles divorce and family matters as well [*Id.*]. She goes on to state that, for divorce cases, she charges an hourly fee between $325.00 to $400.00 per hour [*Id.* at 5]. Counsel avers those rates are "reasonable and customary among attorneys of [her] experience in this judicial district" [*Id.*].

The undersigned finds that the effective hourly rate does not constitute a windfall in this particular case. In making this recommendation, the undersigned is mindful of the nature of contingency fee contracts and the risk absorbed by attorneys in these matters. *See Royzer v. Sec'y*

5

*of Health & Hum. Servs.*, 900 F.2d 981, 982 (6th Cir. 1990) (in considering contingency agreements, "we cannot ignore the fact that the attorney will not prevail every time . . . . Contingent fees generally overcompensate in some cases and undercompensate in others."). Additionally, most, if not all, of the hours worked appear to be appropriately characterized as attorney time as opposed to clerical or paralegal time. *See Hayes*, 923 F.2d at 422 (considering "what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time").

Furthermore, as a result of counsel's efforts, Plaintiff is entitled not only to past due benefits in the amount of $89,886.00 but also to future benefits [*See* Doc. 30-1 p. 2 (stating in the Notice of Award that Plaintiff "will receive $1,168.00 each month" after October 2023)]. *See Hall v. Colvin*, No. 3:11-CV-571-TAV-CCS, 2016 WL 792415, at *2 (E.D. Tenn. Feb. 29, 2016) (looking favorably on the fact that the plaintiff's counsel "achieved a favorable result for plaintiff in the form of nearly $100,000 in past-due benefits, plus potential future benefits"). There is also no indication counsel was the source of any delay in this case. *See id.* (distinguishing *Lasley v. Comm'r of Soc. Sec.*, 711 F.3d 308, 310 (6th Cir. 2014), where the court awarded an effective hourly rate of $733, in part, because there was no indication "counsel was the source of any delay"). Moreover, Plaintiff's counsel's effective rate is on the low end of the market rate in this District and is less than twice the market rate. *See Jagdeo v. Kijakazi*, No. 3:17-CV-469-JRG-DCP, 2022 WL 571547, at *3 n.4 (E.D. Tenn Feb. 1, 2022) (noting the "prevailing market rate for representing Social Security disability claimants is generally $200–$300 per hour" in the Eastern District of Tennessee (citations omitted)). Finally, an award of $10,471.50 does not constitute a windfall in this case. *See Neeley v. Kijakazi*, No. 2:21-CV-21, 2023 WL 6295485, at *3 (E.D. Tenn. May 26, 2023) (finding an effective hourly rate of $611.75 did not constitute a windfall).

For all of these reasons, the undersigned finds the requested fee is reasonable.

6

## III. CONCLUSION

Based upon the foregoing, it is hereby **RECOMMENDED**[1] that the District Judge **GRANT** Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. Section 406(b) with Supporting Memorandum and Affidavits [**Doc. 30**] and award attorney's fees in the amount of $10,471.50 to Plaintiff's counsel to be paid out of Plaintiff's past-due benefits in accordance with agency policy under 42 U.S.C. § 406(b).

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide de novo review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).